UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOMESITE INSURANCE COMPANY,

Plaintiff,

v.

WWMD CORP. d/b/a KELLY'S PUB and ELLIOT ORTIZ AS PROPOSED ADMINISTRATOR OF THE ESTATE OF ELLIOTT CHRISTOPHER ORTIZ, DECEASED,

Defendants.

**MEMORANDUM DECISION AND ORDER**

26-cv-1667 (BMC)

**COGAN**, District Judge.

Before the Court in this insurance-coverage dispute are plaintiff Homesite Insurance Company's ("Homesite") and defendant Elliot Ortiz's ("Ortiz") cross-motions for summary judgment. As set forth below, Homesite's motion is granted and Ortiz's motion is denied.

## BACKGROUND

Homesite issued Commercial General Liability Insurance Policy No. EVG000640-02 to WWMD Corp. d/b/a Kelly's Pub ("WWMD") for the period from July 20, 2023 to July 20, 2024 (the "Policy"). The Policy provided coverage for bodily injury claims of $1 million per occurrence and $2 million in the aggregate. In addition, the Policy contained an endorsement titled "Assault and Battery Coverage Limitation (Including Sub-Limits)" (the "Assault and Battery Endorsement"). It had two parts: the "Assault and Battery Exclusion" (the "Exclusion"), and the "Assault and Battery Extension of Coverage and Limits of Insurance" (the "Sublimit"). The Exclusion stated, in relevant part, that Homesite was "under no duty to defend or indemnify any insured" for claims to recover damages for bodily injury resulting from assault and battery.

However, the Sublimit stated that Homesite agreed to waive the Exclusion and extend coverage for bodily injury resulting from assault and battery, but only up to $100,000 (per incident and in the aggregate).

On September 24, 2023, Ortiz's father was stabbed to death at Kelly's Pub by Jason Schuler, another patron. Two days later, Homesite's underwriting manager saw a news article about the incident and emailed WWMD's insurance agent to request more information about it. WWMD's insurance agent responded to Homesite's underwriting manager the next day to provide a description of the incident. However, it appears that WWMD did not make a claim for insurance coverage (through its insurance agent or some other representative) at that time.

On June 27, 2024, Ortiz filed a lawsuit against WWMD and Schuler in Queens County Supreme Court. On July 18, 2024, Homesite mailed a "Reservation of Rights Partial Coverage Disclaimer" to WWMD, in which it agreed to defend WWMD in the underlying action but reserved its right to decline or limit coverage based on any of the clauses in the Policy that had the potential to become relevant upon further investigation. One of those clauses that Homesite identified was the Sublimit, which (again) limited coverage for bodily injury claims arising out of assault and battery to $100,000.

Nearly two years later, apparently because the parties could not agree on Homesite's liability under the Policy, Homesite brought the instant action against WWMD and Ortiz. Homesite seeks a declaratory judgment that the Sublimit imposes an insurance limit of $100,000 for the underlying action. Ortiz brought a counterclaim for breach of contract, arguing that Homesite breached its contractual duty to provide coverage up to the full limits of the Policy (presumably, up to $2 million) for his father's bodily injury and wrongful death claim. WWMD has not appeared in or otherwise defended this action.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Frost v. N.Y.C. Police Dep't, 980 F.3d 231, 242 (2d Cir. 2020) (citation omitted). "A fact is material if it might affect the outcome of the suit under governing law." Id. (citation omitted). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. Id. A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

"The same standard applies where, as here, the parties filed cross-motions for summary judgment." Morales v. Quintel Ent., Inc., 249 F.3d 115, 121 (2d Cir. 2001). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Id.

### II. Analysis

The parties agree that the Sublimit imposes a $100,000 coverage limit for bodily injury resulting from assault and battery. They also agree that the Sublimit applies to the underlying action. Ortiz, however, argues that the Sublimit is subject to the timely disclaimer requirements of New York Insurance Law § 3420(d), that Homesite's disclaimer on July 18, 2024 was untimely, and that the Sublimit therefore does not apply. Homesite disagrees, arguing that the

Sublimit is not an exclusion subject to the timely disclaimer requirements of Section 3420(d). Homesite is right.

In broad strokes, Section 3420(d) requires an insurer to provide timely notice of "disclaimer of liability or denial of coverage" for "death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state." Under Section 3420(d)(2), if an insurer fails to timely disclaim coverage, it is "precluded from later successfully disclaiming coverage." NGM Ins. Co. v. Blakely Pumping, Inc., 593 F.3d 150, 153 (2d Cir. 2010) (citing Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 416 N.Y.S.2d 539 (1979)).

Here, the Policy provided coverage for bodily injury claims of $1 million per occurrence and $2 million in the aggregate, but the Exclusion stated that bodily injuries arising out of assault and battery were not covered. When "the policy covers the claim but for the applicability of the exclusion . . . a notice of disclaimer is required." A. Servidone, Inc. v. Com. Underwriter's Ins. Co., 7 A.D.3d 942, 944, 777 N.Y.S.2d 526, 528 (3rd Dep't 2004) (quoting Greater New York Mut. Ins. Co. v. Clark, 205 A.D.2d 857, 613 N.Y.S.2d 295 (3rd Dep't 1994)). Thus, if the parties' dispute were about the applicability of the *Exclusion*, a notice of disclaimer would be required.

But Homesite has not sought to disclaim coverage under the Exclusion, nor could it do so because it waived the Exclusion in the language of the Sublimit. Homesite concedes that WWMD is entitled to coverage for the bodily injuries claimed in the underlying action.

The dispute is about the amount of coverage to which WWMD is entitled, and that question is answered by the Sublimit. The Sublimit extends coverage but only up to $100,000.

To avoid this unsatisfying result, Ortiz argues that the Sublimit itself is an exclusion. He points to the fact that the Assault and Battery Endorsement, which contains both the Exclusion

and the Sublimit, explicitly amended the "exclusions" section of the Policy through the following language:

> SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, **2. Exclusions** and SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, **2. Exclusions** of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM and SECTION I – LIQUOR LIABILITY COVERAGE **2. Exclusions** of the LIQUOR LIABILITY COVERAGE FORM are amended and the following added:

(original emphases omitted, new emphases added). Ortiz does not explain why reference to the Policy's general exclusions in the endorsement converts the Sublimit into an exclusion itself. In fact, that conclusion does not make much sense when the other subsection of the Assault and Battery Endorsement, the Exclusion, has "exclusion" in its title, whereas the Sublimit does not. In addition, there are many other endorsements in the Policy which have "exclusion" in the title – *e.g.*, "Exclusion – Firearms"; the Assault and Battery Endorsement does not have "exclusion" in its title. Finally, the Sublimit plainly does not operate as an exclusion. It *provides* coverage; it does not carve out an exception to it.

Homesite was therefore not required, under Section 3420(d), to disclaim coverage under the Sublimit "because the [Sublimit] does not bar coverage or implicate policy exclusions." See Pav-Lak Indus., Inc. v. Arch Ins. Co., 56 A.D.3d 287, 288, 866 N.Y.S.2d 671, 673 (1st Dep't 2008). At bottom, Homesite "is not disclaiming liability or denying that insurance coverage is available for the underlying action." Santa v. Capitol Specialty Ins., Ltd., 33 Misc. 3d 1218(A), 941 N.Y.S.2d 541 (Sup. Ct. 2011), aff'd, 96 A.D.3d 638, 949 N.Y.S.2d 15 (1st Dep't 2012). Indeed, Homesite "has offered the full measure of available insurance for the incident": $100,000. Id.

In sum, Homesite has established its *prima facie* entitlement to judgment as a matter of law "by demonstrating that the assault and battery endorsement's limitation is applicable to the claims asserted," and Ortiz has "failed to raise a triable issue of fact as to the applicability of the assault and battery enforcement's limitation."[1] Great Am. E&S Ins. Co. v. Commack Hotel, LLC, 211 A.D.3d 704, 706, 179 N.Y.S.3d 336, 338 (2nd Dep't 2022).

The Court need not address Ortiz's arguments as to the timeliness of Homesite's notice of disclaimer because no disclaimer was required in the first place. In that same vein, the Court need not address Ortiz's argument that Homesite breached the covenant of good faith and fair dealing by maintaining its disclaimer after being advised of its untimeliness. Finally, the Court grants summary judgment to Homesite on Ortiz's breach of contract claim, which rises and falls with Homesite's declaratory judgment claim.

Because the analysis set forth here applies with equal force to defendant WWMD, the Court *sua sponte* grants summary judgment to Homesite on its declaratory judgment claim against WWMD, negating the need for Homesite to move for default judgment against WWMD. "District courts have the discretion to grant summary judgment *sua sponte*, even without notice in certain circumstances." Schwan-Stabilo Cosmetics GMBH & Co. v. Pacificlink Int'l Corp., 401 F.3d 28, 33 (2d Cir. 2005). "Before granting summary judgment *sua sponte*, the district court must assure itself that following the procedures set out in Rule 56 would not alter the outcome. . . . The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment." Fed. Ins. Co.

[1] The Court notes Ortiz's frustration that Homesite did not raise the disclaimer issue in its cross-motion, even though the parties had been fighting about it for years. But it was not Homesite's burden to raise it, as it was not part of Homesite's affirmative case. By that same token, there is no impropriety in Homesite responding to Ortiz's arguments as to timeliness in its reply in support of its own motion. A party's reply papers may respond to arguments raised for the first time in opposition. See Bravia Cap. Partners, Inc. v. Fike, 296 F.R.D. 136, 144 (S.D.N.Y. 2013).

v. Zurich Am. Ins. Co., 445 Fed. App'x 405, 407 (2d Cir. 2011) (quoting Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996)). The Court's interpretation of the insurance contract between Homesite and WWMD is dispositive and reflects WWMD's "inability to enhance the evidence supporting its position" and Homesite's "entitlement to judgment." Id. Following the procedures set out in Rule 56 (or, in this case, the default judgment procedures set out in Rule 55) "would not alter the outcome." Id.

## CONCLUSION

Homesite's motion for summary judgment is granted, and Ortiz's motion for summary judgment is denied.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
September 18, 2026