UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOMESITE INSURANCE COMPANY,

Plaintiff,

v.

WWMD CORP. d/b/a KELLY'S PUB and ELLIOT ORTIZ AS PROPOSED ADMINISTRATOR OF THE ESTATE OF ELLIOTT CHRISTOPHER ORTIZ, DECEASED,

Defendants.

**MEMORANDUM DECISION AND ORDER**

26-cv-1667 (BMC)

**COGAN**, District Judge.

Before the Court in this insurance-coverage dispute is defendant Elliot Ortiz's ("Ortiz") motion for reconsideration of the Court's September 21, 2026 memorandum decision and order granting plaintiff Homesite Insurance Company's ("Homesite") motion for summary judgment and denying Ortiz's motion for summary judgment. For the reasons that follow, the Court declines to reconsider its decision.

The Court assumes familiarity with the facts of this case, but to summarize, Homesite issued an insurance policy to WWMD Corp. d/b/a Kelly's Pub ("WWMD") for the period from July 20, 2023 to July 20, 2024 (the "Policy"). The Policy provided coverage for bodily injury claims of $1 million per occurrence and $2 million in the aggregate and included an endorsement about assault and battery claims. The endorsement includes one section titled "Assault and Battery Exclusion," which, as one might expect from the title, generally excluded assault and battery claims from the Policy (the "Exclusion"). The endorsement includes another section titled "Assault and Battery Extension of Coverage and Limits of Insurance." This second section

stated that Homesite "hereby agrees to waive the Assault and Battery Exclusion, but only to the extent of" $100,000, per incident and in the aggregate (the "Sublimit").

In September 2023, Ortiz's father was stabbed to death at Kelly's Pub by Jason Schuler, another patron. Ortiz filed a lawsuit against WWMD and Schuler, and Homesite agreed to defend WWMD in that action but reserved its right to decline or limit coverage based on the Policy (specifically citing the Sublimit). Ultimately, the parties could not agree on what coverage was required under the Policy, so Homesite brought this declaratory judgment action.

In granting summary judgment to Homesite, the Court held that the Policy provides coverage of $100,000 with respect to Ortiz's lawsuit. The Court further held that, contrary to Ortiz's position, Homesite was not required to disclose its intent to rely on the Sublimit under New York Insurance Law § 3420(d)(2) because Homesite did not disclaim coverage and the Sublimit is not an exclusion. See N.Y. Cent. Mut. Fire Ins. Co. v. Steiert, 68 A.D.3d 1120, 1121, 893 N.Y.S.2d 93 (2nd Dep't 2009) (explaining that if an insurance company wishes to disclaim coverage based on "a policy exclusion rather than a lack of coverage, it [is] under a duty to give notice of its disclaimer 'as soon as is reasonably possible'" under Section 3420(d)(2)); Santa v. Capitol Specialty Ins., Ltd., 33 Misc. 3d 1218(A), 941 N.Y.S.2d 541 (Sup. Ct. 2011) (holding that Section 3420(d)(2) was inapplicable to a sublimit), aff'd, 96 A.D.3d 638, 949 N.Y.S.2d 15 (1st Dep't 2012). Ortiz argues that the Court erred in finding that Homesite did not disclaim coverage based on an exclusion for two reasons.

First, Ortiz argues that the Sublimit must be an exclusion because "every portion of" the Assault and Battery Endorsement is "plainly written" to "amend the 'exclusions' section of the Policy."[1] He insists that Homesite defined the full endorsement (*i.e.*, both the exclusion section

---

[1] Although Ortiz argues that the endorsement is "plainly written" to operate as an exclusion, he argues in the alternative that the endorsement is ambiguous and thus must be interpreted against the insurer. See SSP Springs,

and the sublimit section) as an exclusion and must be held to its own drafting. As explained in its summary judgment decision, the Court disagrees. If Ortiz were correct that the entirety of the endorsement was drafted to function as an exclusion, one would expect other endorsements in the contract to reflect the same logic. But to the contrary, other endorsements are explicitly labeled as exclusions (*e.g.*, "Exclusion – Use of Elevated Structures / Improvements"; "Exclusion – Stunt Activity"; "Exclusion – Valet Parking"), whereas the assault and battery endorsement is labeled as an "Assault and Battery Coverage Limitation (Including Sub-Limits)".

Second, Ortiz points out that, by its own terms, the Sublimit only applies "[i]f a claim or suit is excluded from coverage by operation of the Assault and Battery Exclusion," in which case Homesite "hereby agrees to waive the Assault and Battery Exclusion" up to $100,000. This, Ortiz argues, necessarily "implicates" a policy exclusion and brings Homesite's actions within the scope of Section 3420(d)(2). See Pav-Lak Indus., Inc. v. Arch Ins. Co., 56 A.D.3d 287, 288, 866 N.Y.S.2d 871 (1st Dep't 2008) (finding that insurer did not waive ability to invoke deductible "because the deductible endorsement does not bar coverage or implicate policy exclusions and therefore is not subject to the time requirements for disclaiming coverage under [Section 3420(d)]"). In other words, Ortiz argues that to invoke the Sublimit, Homesite had to timely invoke the Assault and Battery Exclusion first. According to Ortiz, because "the Sublimit does not exist or apply without the exclusion," it therefore "implicates a policy exclusion" and is "subject to the timeliness requirements of § 3420(d)."

Ortiz's argument is clever, but it is not meritorious, primarily because Ortiz overreads Pav-Lak. In Pav-Lak, the court held that an insurer did not need to give timely notice to rely on

---

LLC v. First Speciality Ins. Co., 213 A.D.3d 517, 517, 183 N.Y.S.3d 407 (1st Dep't 2023) ("[A]ll ambiguities must be resolved against the insurer, the drafter of the language."). The Court finds no ambiguity in the endorsement. It states that the Policy excludes assault and battery claims but waives the exclusion subject to a coverage limit of $100,000.

an endorsement that set a $1 million deductible because the endorsement did not "bar coverage or implicate policy exclusions." Pav-Lak, 56 A.D.3d at 288. The endorsement at issue in Pav-Lak was not subject to Section 3420(d) because the endorsement did not deprive the insured of coverage or attempt to exclude any type of claim from the scope of insurance; rather, the endorsement set the amount of coverage. Given those facts, Ortiz stretches the Pav-Lak court's language about "implicat[ing] policy exclusions" beyond its meaning. In Pav-Lak, the amount of coverage was, presumably, anything beyond the $1 million deductible set by the endorsement. Here, the amount of coverage for an assault and battery claim is $100,000 because that is what the parties agreed it would be based on the Sublimit. Both in Pav-Lak and here, the insurer sought to enforce a specific amount of coverage rather than disclaim coverage based on an exclusion, and Section 3420(d) is inapplicable in such cases.

Additionally, although it is true that the Sublimit only makes sense if it is read together with the Exclusion, that does not mean Section 3420(d) applies. To hold that Section 3420(d) applies here would render the Sublimit meaningless because that would mean Homesite had to timely disclose its intent to rely on an exclusion that it already disclaimed its intent to rely on in the Sublimit. See Consol. Edison Co. of N.Y., Inc. v. Allstate Ins. Co., 98 N.Y.2d 208, 221-22, 746 N.Y.S.2d 622 (2002) (explaining that courts should construe an insurance policy "in a way that 'affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect'" (citation omitted)); Fieldston Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co., Inc., 16 N.Y.3d 257, 264, 920 N.Y.S.2d 763 (2011) ("If the plain language of the policy is determinative, [courts] cannot rewrite the agreement by disregarding that language."). The Court must not interpret the Policy in a way that renders the Sublimit "without force and effect."

The Court may grant a reconsideration motion "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (quoting Collision v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir. 1994)). For the reasons set forth above, the Court discerns no clear error of law or manifest injustice in its decision holding that the Sublimit is not an exclusion and governs Homesite's liability regarding Ortiz's lawsuit against WWMD and Schuler. Accordingly, Ortiz's motion for reconsideration is denied.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
November 19, 2026